IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CREEKVIEW IP LLC,<br><br>    Plaintiff,<br><br>v.<br><br>SKULLCANDY INC.,<br><br>    Defendant. | C.A. No. 22-427-CFC<br><br>JURY TRIAL DEMANDED |

## DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT

Defendant Skullcandy Inc. ("Defendant") hereby submits the following Answer to the Complaint, filed March 31, 2022 ("Complaint"), by CREEKVIEW IP LLC ("Plaintiff"). All allegations of the Complaint are hereby denied unless specifically admitted, qualified, or otherwise answered. Defendants answer as follows:

### PARTIES[1]

1. Defendant lacks knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint and, on that basis, denies all such allegations.

2. Admitted.

### JURISDICTION

3. Defendant admits that Plaintiff's Complaint purports to set forth a claim for patent infringement under the patent laws of the United States, Title 35 of the United States Code.

4. Admitted.

---

[1] For ease of reference, Defendant includes in its Answer the same headings that are used by Plaintiff in the Complaint. By doing so, Defendant does not admit that any of the information conveyed by the headings is necessarily accurate, nor does Defendant admit any liability or wrongdoing by Defendant.

5.      Defendant admits that it is subject to personal jurisdiction of this Court. Defendant denies it has committed acts of patent infringement within this District.

## VENUE

6.      Defendant admits that Defendant is incorporated in this District. Defendant denies it has committed acts of patent infringement within this District and denies that Plaintiff has suffered harm, including harm in this District. Defendant expressly reserves the right to seek a transfer of venue, including on forum non conveniens grounds or pursuant to 28 U.S.C. § 1404.

## PATENT-IN-SUIT

7.      Defendant admits that, on its face, U.S. Patent No. 9,608,472 ("the '472 patent") entitled "Method and apparatus for wirelessly transferring power and communicating with one or more slave devices" appears to have been issued by the United States Patent and Trademark Office on March 28, 2017. Defendant admits that Exhibit 1 attached to Plaintiff's Complaint, on its face, appears to be a copy of the same. Defendant denies the '472 patent was legally or properly issued.

8.      Defendant admits that the assignment records of the United States Patent and Trademark Office appear to show a purported assignment of the '472 patent to Plaintiff. Defendant lacks information sufficient to form a belief as to the truth of the remaining allegations included in this paragraph and therefore denies the same.

9.      Defendant lacks information sufficient to form a belief as to the truth of the allegations included in this paragraph and therefore denies the same.

## COUNT 1: [ALLEGED] INFRINGEMENT OF THE '472 PATENT

10.     Defendant repeats and re-alleges its answers as set forth in foregoing paragraphs 1 through 9 above as if set forth in full herein.

11. Denied.

12. Denied.

13. Defendant admits that Exhibit 2 includes a chart that purports to compare a single claim of the '472 patent to one of Defendant's products. Defendant denies the remaining allegations in this paragraph.

14. Defendant repeats and re-alleges its answers as set forth in paragraph 13 above.

15. Defendant denies Plaintiff is entitled to recover damages. Defendant denies all claims of infringement.

## JURY DEMAND

16. Defendant acknowledges Plaintiff's demand for a jury trial and similarly requests a trial by jury on all claims and issues so triable.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any judgment or relief, and denies any and all allegations contained in Plaintiff's prayer for relief.

## DEFENDANT'S DEFENSES, INCLUDING AFFIRMATIVE DEFENSES

Defendant, for its affirmative defenses, states as follows:

### FIRST DEFENSE – FAILURE TO STATE A CLAIM

The Complaint fails to state a claim against Defendant upon which relief can be granted. Plaintiff has failed to plead its claims of patent infringement with sufficient specificity or factual support to place Defendant on notice of the claims Plaintiff is asserting.

### SECOND AFFIRMATIVE DEFENSE - NONINFRINGEMENT

Defendant has not infringed the '472 patent directly, indirectly, contributorily, or by inducement, and either literally or under the doctrine of equivalents.

## THIRD AFFIRMATIVE DEFENSE - INVALIDITY

The asserted claims of the '472 patent are invalid under one or more conditions of patentability set forth in 35 U.S.C. § 101 *et seq.*, including, but not limited to, the provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, the applicable provisions of Title 37 of the Code of Federal Regulations, and judicially created bases for invalidation, such as double patenting.

One or more claims of the '472 patent are invalid under 35 U.S.C. § 101 because they claim non-statutory subject matter and/or are directed to abstract ideas and fail to recite an inventive concept that could transform the unpatentable abstract ideas to which they are directed.

One or more claims of the '472 patent are invalid under 35 U.S.C. §§ 102 and 103 because one or more prior art references, including those references listed on the face of the patent-in-suit, either alone or in combination, disclose one or more claims of the patent-in-suit and/or the alleged invention(s) claimed therein would have been obvious to one having ordinary skill in the art in view of the prior art, including but not limited to the prior art listed on the face of the patent-in-suit.

One or more claims of the '472 patent are invalid under 35 U.S.C. § 112 because they lack an adequate written description, are not enabled, and/or are indefinite.

## FOURTH AFFIRMATIVE DEFENSE – EQUITABLE DEFENSES

Plaintiff's claims fail, in whole or in part, by the equitable doctrines of laches, prosecution laches, waiver, equitable estoppel, disclaimer, acquiescence, patent misuse, and/or unclean hands.

## FIFTH AFFIRMATIVE DEFENSE – FAILURE TO PROVIDE NOTICE

Plaintiff is not entitled to damages, and any awarded damages must be limited for failure to provide notice of infringement pursuant to 35 U.S.C. § 287.

## SIXTH AFFIRMATIVE DEFENSE – LACK OF EXCEPTIONAL CASE

Plaintiff fails to state a claim for relief against Defendant for an exceptional within the meaning of 35 U.S.C. § 285.

## ADDITIONAL DEFENSES

In addition to the defenses set forth above, Defendant reserves its right to supplement with additional defenses or amend the defenses set forth above as discovery proceeds in this matter.

## DEFENDANT'S COUNTERCLAIMS

Defendant counterclaims against Plaintiff as follows:

## PARTIES

1. Defendant Skullcandy Inc. is a corporation organized under the laws of Delaware, with its principal place of business at 6301 N. Landmark Dr., Park City, Utah 84098.

2. Upon information and belief, Plaintiff Creekview IP LLC is a limited liability company with its principal place of business at 7548 Preston Rd., Suite 141 PMB 1115, Frisco, Texas 75034.

## JURISDICTION AND VENUE

3. These counterclaims arise under the Patent Laws of the United States, 35 U.S.C. §§ 101 *et seq.*, and the Final Declaratory Judgment Act. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4. On March 31, 2022, Plaintiff filed the Complaint (D.I. 1) initiating this action. Defendant was served with the Complaint on April 4, 2022 (D.I. 6).

5. Plaintiff alleges in paragraphs 8 and 10 of its Complaint (D.I. 1) that Plaintiff is the owner and assignee of all rights, title, and interest in and to U.S. Patent No. 9,608,472 (the "'472 Patent").

6. Defendant is not infringing, and has not infringed, any valid claim of the '472 Patent, directly or indirectly, and/or literally or under the doctrine of equivalents.

7. One or more claims of the '472 Patent are invalid for failure to satisfy one or more conditions of patentability set forth in 35 U.S.C. § 101 *et seq.*, including, but not limited to, the provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, the applicable provisions of Title 37 of the Code of Federal Regulations, and judicially created bases for invalidation, such as double patenting.

8. An actual, substantial, and continuing justiciable controversy exists between Plaintiff and Defendant, and Defendant requires a declaration of rights by this Court. Currently, the controversy relates to non-infringement and invalidity of the claims of the '472 Patent.

9. This Court has personal jurisdiction over Plaintiff by virtue of Plaintiff's election to file suit in this District.

10. The Court has personal jurisdiction over Defendant by virtue of Defendant's incorporation within this District.

11. Defendant expressly reserves the right to seek a transfer of venue, including on forum non conveniens grounds or pursuant to 28 U.S.C. § 1404. In the event of such transfer, Defendant consents to the transfer of its counterclaims set forth herein to the transferee forum. To the extent that this action remains in this District, venue is appropriate for Defendant's counterclaims because Plaintiff has consented to the propriety of this venue by filing its claims for patent infringement in this Court, in response to which these counterclaims are asserted.

### FIRST COUNTERCLAIM – DECLARATORY JUDGMENT OF NON-INGRINGEMENT OF CLAIMS OF THE '472 PATENT

12. Defendant repeats and re-alleges foregoing paragraphs 1 through 11 of the Counterclaims as if set forth in full herein.

13. Defendant has not infringed and does not infringe, either directly or indirectly, and either literally or under the doctrine of equivalents, any valid and enforceable asserted claim of the '472 Patent.

14. An actual controversy exists between the parties regarding Plaintiff's allegations that Defendant has directly infringed one or more claims of the '472 Patent.

15. Defendant is entitled to a declaration of this Court stating that it has not infringed and does not infringe the '472 Patent.

### SECOND COUNTERCLAIM – DECLARATORY JUDGMENT OF INVALIDITY OF CLAIMS OF THE '472 PATENT

16. Defendant repeats and re-alleges foregoing paragraphs 1 through 15 of the Counterclaims as if set forth in full herein.

17. Each of the asserted claims of the '472 Patent is invalid for failure to comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112.

18. The asserted claims of the '472 patent are invalid under 35 U.S.C. § 101 because they claim non-statutory subject matter and/or are directed to abstract ideas and fail to recite an inventive concept that could transform the unpatentable abstract ideas to which they are directed.

19. The asserted claims of the '472 patent are invalid under 35 U.S.C. §§ 102 and 103 because one or more prior art references, including those references listed on the face of the patent-in-suit, either alone or in combination, disclose one or more claims of the patent-in-suit and/or the alleged invention(s) claimed therein would have been obvious to one having ordinary

skill in the art in view of the prior art, including but not limited to the prior art listed on the face of the patent-in-suit.

20. One or more claims of the '472 patent are invalid under 35 U.S.C. § 112 because they lack an adequate written description, are not enabled, and are indefinite.

21. An actual controversy exists between the parties regarding the validity of the asserted claims of the '472 Patent.

22. Defendant is entitled to a declaration of this Court that each of the asserted claims of the '472 Patent are invalid.

## DEMAND FOR TRIAL BY JURY

Defendant demands a jury trial on all matters triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows on Plaintiff's Complaint and on Defendant's Answer, Defenses, and Counterclaims:

A. That Plaintiff's Complaint be dismissed with prejudice and that Plaintiff take nothing;

B. That judgment be entered in favor of Defendant and against Plaintiff;

C. A declaration that Defendant does not infringe any claim of the '472 Patent, either directly or indirectly, and either literally or under the doctrine of equivalents;

D. A declaration that each of the asserted claims of the '472 Patent is invalid;

E. A declaration that this case is exceptional within the meaning of 35 U.S.C. § 285, and that Defendant be awarded its costs of suit, attorney's fees, and expenses in defending against this suit;

F. An injunction enjoining Plaintiff, its successors, affiliates, agents, employees, and attorneys, and those persons in active concert or participation with any of them, from directly or indirectly asserting infringement of, or instituting any further action of infringement of, the '472 Patent against Defendant or any of Defendant's successors, assigns, agents, direct or indirect customers, partners, or suppliers; and

G. That Defendant be awarded such other and further relief as this Court deems just and proper.

| | |
|---|---|
| Dated: May 25, 2022 | BARNES & THORNBURG LLP |
| | /s/ *Chad S.C. Stover* |
| | Chad S.C. Stover (No. 4919) |
| | 1000 North West Street, Suite 1500 |
| | Wilmington, DE  19801 |
| | Tel: (302) 300-3434 |
| | Fax: (302) 300-3456 |
| | Email:  chad.stover@btlaw.com |
| | |
| | Glenn R. Bronson (*pro hac vice* forthcoming) |
| | J. Jeffrey Gunn (*pro hac vice* forthcoming) |
| | James C. Watson (*pro hac vice* forthcoming) |
| | TRASK BRITT P.C. |
| | 230 South 500 East, Suite 300 |
| | Salt Lake City, Utah  84102 |
| | GRBronson@traskbritt.com |
| | JGunn@traskbritt.com |
| | JCWatson@traskbritt.com |
| | |
| | *Counsel for Defendant Skullcandy Inc.* |